UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ODIS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No. 2:13-cv-0222 CKD P<br><br><br><br>ORDER |

    Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  He has consented to have all proceedings in this matter before a United State Magistrate Judge.  See 28 U.S.C. § 636(c).  (ECF No. 7.)  On April 24, 2013, the court granted petitioner leave to file an amended petition.  Petitioner has now done so.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

    After reviewing the petition for habeas corpus, and other related information, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court

1

remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[1]

      Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus is dismissed for failure to exhaust state remedies.
2. This case is closed.

Dated: July 22, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john0222.103

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).